PACIFIC MAIL S. S. CO. v. BENEBY.

(Circuit Court of Appeals, Fifth Circuit. April 10, 1918.)

No. 3166.

1. COURTS ⬥�net405(11)—FEDERAL COURTS—JURISDICTION OF CIRCUIT COURT OF APPEALS.

Under Comp. St. 1916, § 10045, declaring that the Circuit Court of Appeals of the Fifth Circuit shall have jurisdiction to review final judgments and decrees of the District Court of the Canal Zone in cases in which the value in controversy exceeds $1,000, etc., the Circuit Court of Appeals of the Fifth Circuit has jurisdiction to review a judgment of the District Court of the Canal Zone, where the aggregate amount of the judgment in favor of plaintiff and of the counterclaim made by defendant and disallowed exceeds $1,000.

2. MASTER AND SERVANT ⬥⟷185(18)—INJURY TO SERVANT—NEGLIGENCE OF FELLOW SERVANT.

Where plaintiff, a member of one of several gangs engaged in loading cargo in a vessel, was injured by the fall of a hatch cover, which had been placed in position by some of the laborers engaged with him in that work, and the fall resulted, not from the breaking of the supporting beam, but from the failure of those placing it in position to make it firm by the use of wedges or blocks, the negligence was that of plaintiff's fellow servants, for which the owner of the vessel on which the accident occurred was not liable.

In Error to the District Court of the United States for the Canal Zone; William H. Jackson, Judge.

Action by Wilfred Beneby against the Pacific Mail Steamship Company. There was a judgment for plaintiff, and defendant brings error. Reversed.

Theodore C. Hinckley and Stevens Ganson, both of Panama, R. P., for plaintiff in error.

Valentine E. Bruno, of Ancon, C. Z., for defendant in error.

Before PARDEE, WALKER, and BATTS, Circuit Judges.

WALKER, Circuit Judge. [1] The writ of error is not subject to be dismissed on the ground that the value in controversy does not exceed $1,000, within the meaning of the act giving this court jurisdiction to review final judgments and decrees of the District Court of the Canal Zone (10 Comp. Stat. Anno. 1916, § 10045), as the aggregate of the amounts of the judgment in favor of the plaintiff and of the counterclaim made by the defendant and disallowed exceeds $1,000.

[2] The plaintiff (the defendant in error), while a member of one of several gangs of workmen engaged in loading cargo on board a vessel belonging to the defendant, was hurt as a result of the falling of the cover of the after part of a hatch, upon which he went to assist in putting the cover on the forward part of the hatch into which the gang of which he was a member had been loading cargo. The amended complaint attributed the injury complained of to—

"the negligence of the defendant company in failing to provide plaintiff a safe and proper place to work, in that the defendant company's said beam

⬥⟷For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

directly under the defendant company's said hatch on which the plaintiff was set to work was insecure and in a condition of disrepair, which condition was unknown to the plaintiff."

The undisputed evidence was to the effect that, while the work of loading the vessel was going on, the cover on the after part of the hatch was put on by some of the laborers engaged with the plaintiff in that work, and there was evidence tending to prove that in doing this they negligently failed so to place and make fast the supporting beam as to keep the cover from falling. The beam did not break, but there was evidence tending to prove that its ends were somewhat worn, and that the fall of the cover was due to one or both of the ends of the beam slipping from the place on which it or they rested, in consequence of not being made fast with blocks or wedges which would serve this purpose. It was the plaintiff's coemployés who so placed the cover on the after part of the hatch that it was not a safe place to be and work on.

The defendant is not responsible for an injury to the plaintiff, due to the negligence or misconduct of the latter's coemployés. The uncontroverted evidence was to the effect that the injury complained of was attributable to negligence or fault not chargeable against the defendant. The evidence did not support the charge of negligence made in the complaint. The court erred in overruling the defendant's request that the jury be directed to return a verdict in its favor. Because of that error, the judgment is reversed.